UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) No. 3:24-CR-104-KAC-DCP
)
OSCAR YERRY YOUNG, )
)
Defendant. )

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Oscar Terry Young's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [Doc. 18], filed on March 5, 2025.

Defendant requests that the Court continue the plea deadline and April 8, 2025 trial date by ninety days [Doc. 18]. In support of his motion, Defendant asserts that his counsel requests time to continue investigating [*Id.* ¶ 2]. He states that recently identified witnesses need to be interviewed and additional evidence needs to be evaluated, which requires coordination between the Government and local enforcement [*Id.*]. He adds that the parties recently engaged in plea negotiations and his counsel needs time to review a potential agreement with him, including traveling to Kentucky, where he is detained [*Id.* ¶ 3]. Defendant understands that the time between filing this motion and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 5]. He represents that the Government does not oppose the request for a continuance [*Id.* ¶ 6].

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance

outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to investigate, interview witnesses, evaluate evidence, engage in plea negotiations, discuss any plea offer with Defendant, and if negotiations are not fruitful, otherwise prepare for trial. The Court finds that all of this cannot occur before the April 8, 2025 trial date.

The Court therefore **GRANTS** Defendant Oscar Terry Young's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 18**].[1] The trial of this case is reset to **July 29, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on March 5, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Oscar Terry Young's Unopposed Motion to Continue Motion Deadline, Plea Deadline, and Trial Date [**Doc. 18**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **July 29, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

---

[1] The deadline for filing pretrial motions in this case expired on December 9, 2024 [Doc. 15]. At this time, Defendant has not set forth good cause for reopening the deadline.

(3)  all time between the filing of the motion on **March 5, 2025**, and the new trial date of **July 29, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4)  the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 30, 2025**;

(5)  the deadline for filing motions *in limine* is **July 14, 2025**, and responses to motions *in limine* are due on or before **July 22, 2025**;

(6)  the parties are to appear before the undersigned for a final pretrial conference on **July 15, 2025, at 3:00 p.m.**; and

(7)  requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or **July 18, 2025**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
Debra C. Poplin
United States Magistrate Judge

3